On June 26, 1995, defendants filed a motion to dismiss plaintiff's appeal on the grounds that plaintiff had not filed the required Form 44 as of June 21, 1995. The Full Commission was in receipt of plaintiff's Form 44 on June 28, 1995, and in the interest of justice, noting plaintiff's Pro se status, pursuant to Rule 801, plaintiff is allowed to proceed with the appeal in this case despite any technical errors which may have occurred.
Accordingly, defendants' motion to dismiss is HEREBY DENIED, and the undersigned proceed to consider plaintiff's appeal.
The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner, with minor technical modifications. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties as
STIPULATIONS
1. On 29 September 1993, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff and defendant-employer on 29 September 1993.
3. Fireman's Fund Insurance Company was the workers' compensation insurance carrier on the risk at the time of the alleged injury.
4. Plaintiff, by filing this claim, only seeks payment of medical expenses incurred, or to be incurred, as a result of his alleged injury by accident arising out of and in the course of his employment with defendant-employer.
* * * * * * * * * * *
The Full Commission adopt as their own all findings of fact found by the Deputy Commissioner, with minor technical modifications and the addition of Finding of Fact Number 12, as follows:
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following additional
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was a fifty-four year old man. Plaintiff had a bachelor's degree in Industrial Psychology, twenty years of experience in industrial relations, and had served as the chief executive officer of a home health care services business.
2. Plaintiff began his employment with defendant-employer on 1 April 1993 as a field laborer. Defendant-employer, a commercial building contractor, was then constructing an elementary school. As a field laborer, plaintiff performed a variety of tasks for defendant-employer.
3. On 29 September 1993, defendant-employer was nearing the completion of its school construction project and plaintiff was removing debris from the construction site. Shortly after beginning work, at approximately 7:30 a.m., plaintiff was removing pieces of concrete from the construction site by lifting the pieces of concrete from the ground and placing them in a wheelbarrow.
4. Plaintiff stated at the hearing that when he lifted a large piece of concrete into the wheelbarrow, the wheelbarrow tipped over. Plaintiff further stated that the piece of concrete weighed approximately two hundred and fifty pounds and that when he attempted to restrain the falling wheelbarrow, he felt a pain in his right arm. There were no witnesses to the incident described by plaintiff.
5. Following the claimed incident, plaintiff reported to defendant-employer's project manager, Anthony Wilson, that he had "pulled" his arm. Plaintiff stated that after the claimed incident, his right arm was "very tender" and that he sought medical treatment for his right arm one or two days after the claimed incident.
6. Plaintiff continued working for defendant-employer through 22 October 1993, on which date he was laid off by defendant-employer due the unavailability of work for him to perform.
7. Prior to 29 September 1993, on 10 June 1993, plaintiff was involved in an automobile accident when the vehicle he was occupying was struck from behind by another vehicle. As a result of the automobile accident, plaintiff sought treatment on 2 August 1993 from Dr. Eric A. Cerwin, a chiropractor. Plaintiff continued seeking treatment from Dr. Cerwin through 12 January 1994.
8. Throughout the period of treatment by Dr. Cerwin, plaintiff complained of right arm discomfort, including tingling in his right shoulder, upper right arm, and lower right arm. In addition to right arm pain and tingling, plaintiff experienced neck pain and occasional tingling in his left arm. At no time during the period that plaintiff sought treatment from Dr. Cerwin did he describe to Dr. Cerwin an injury sustained as the result of his employment with defendant-employer.
9. On 30 September 1993, plaintiff presented to Dr. Philip J. Bach, M.D., complaining of right arm, wrist and hand pain. Plaintiff told Dr. Bach that he had been working as a general contractor and performing repetitive lifting with his right arm. He did not describe any specific incident in his employment that caused the pain about which he complained. Plaintiff informed Dr. Bach that many of his friends had carpal tunnel syndrome and that he believed that condition might be the cause of his arm pain.
10. On 30 September 1993, plaintiff had lateral epicondylitis. There is insufficient convincing evidence of record to prove by its greater weight that plaintiff's epicondylitis resulted from the claimed incident on 29 September 1993.
11. The evidence of record is insufficient to prove by its greater weight that plaintiff's epicondylitis resulted from causes and conditions which were characteristic of, or peculiar to, his employment with defendant-employer.
12. In light of the record as a whole, the undersigned do not believe that such a 29 September 1993 incident occurred as stated by plaintiff at hearing.
* * * * * * * * * * *
Based upon the findings of fact as found by the Deputy Commissioner and adopted by the Full Commission, the Full Commission find as follows:
CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff does not suffer from an occupational disease resulting from causes and conditions which were characteristic of, or peculiar to, his employment with defendant-employer. N.C. Gen. Stat. § 97-53(13).
3. Plaintiff is entitled to no compensation under the North Carolina Workers' Compensation Act.
* * * * * * * * * * *
Based upon these conclusions of law, the Full Commission have determined there exists no basis for amending the Award. Accordingly, the foregoing stipulations, findings of fact, and conclusions of law engender the following:
ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Each side shall bear its own costs.
This case is ORDERED REMOVED from the Full Commission docket.
This the __________ day of _____________________, 1995.
 S/ _______________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _________________________ COY M. VANCE COMMISSIONER
S/ _________________________ BERNADINE S. BALLANCE COMMISSIONER
JHB/nwm 08/01/95